**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000596
14-APR-2023
08:12 AM
Dkt. 119 SO**

NO. CAAP-17-0000596

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

LOLENESE K. AGASIVA, Claimant-Appellee-Appellee,
v.
REALTY LAUA, LLC, Employer-Appellant-Appellee,
and
HAWAII EMPLOYERS' MUTUAL INSURANCE COMPANY,
Insurance Carrier-Appellant-Appellee,
and
SPECIAL COMPENSATION FUND, Appellee-Appellant

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2014-310; (DCD NO. 2-10-08551))

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Nakasone, JJ.)

Appellee-Appellant Special Compensation Fund,
Department of Labor and Industrial Relations, State of Hawaiʻi
(**SCF**) appeals from the July 11, 2017 Decision and Order (**Decision
and Order**) of the Labor and Industrial Relations Appeals Board
(**Board**), that awarded permanent partial disability (**PPD**) benefits
under the Hawaiʻi Workers Compensation Law, Hawaii Revised
Statutes (**HRS**) Chapter 386, to Claimant-Appellee-Apellee Lolenese
K. Agasiva (**Claimant**) and apportioned liability for pre-existing
PPD benefits to the SCF pursuant to HRS § 386-33.[1]

---

[1]    HRS § 386-33 (2000), entitled "Subsequent injuries that would
increase disability," provides in pertinent part:

(continued...)

On appeal, the SCF contends[2] that the Board:
(1) erroneously found in FOF 84 that "'a determination of the extent of pre-existing PPD is a legal question to be determined by the Director or Board,'" and (2) erroneously held the SCF

---

[1](...continued)

(a) Where prior to any injury an employee suffers from a <u>previous permanent partial disability already existing prior to the injury for which compensation is claimed, and the disability resulting from the injury combines with the previous disability, whether the previous permanent partial disability was incurred during past or present periods of employment, to result in a greater permanent partial disability or in permanent total disability</u> or in death, then weekly benefits shall be paid as follows:

(1) In cases where the disability resulting from the injury combines with the previous disability to result in greater permanent partial disability the employer shall pay the employee compensation for the employee's actual permanent partial disability but for not more than one hundred four weeks; <u>the balance if any of compensation payable to the employee for the employee's actual permanent partial disability shall thereafter be paid out of the special compensation fund</u>; provided that in successive injury cases where the claimant's entire permanent partial disability is due to more than one compensable injury, the amount of the award for the subsequent injury shall be offset by the amount awarded for the prior compensable injury;

. . . .

(b) Notwithstanding subsection (a), <u>where the director or the appellate board determines that the previous permanent partial disability amounted to less than that necessary to support an award of thirty-two weeks of compensation for permanent partial disability, there shall be no liability on the special compensation fund</u> and the employer shall pay the employee or the employee's dependents full compensation for the employee's permanent partial or total disability or death.

(Emphases added). This court recently explained that HRS § 386-33 is triggered if, "when the work accident happened, the injured employee already had a loss or impairment of a physical function that, combined with additional loss or impairment of the same physical . . . function caused by the work accident, resulted in a greater post-work-accident loss or impairment" of the physical function. <u>Pave v. Prod. Processing, Inc.</u>, 152 Hawaiʻi 164, 170, 524 P.3d 355, 361 (App. 2022) (citation omitted), <u>reconsideration denied</u>, CAAP-17-0000600, CAAP-17-0000925, 2023 WL 127865 (App. 2023).

[2]     While the SCF lists numerous findings of fact (**FOFs**) and conclusions of law (**COLs**) in its eleven points of error (**POEs**) that it purportedly challenges, no specific argument pertinent to each challenged FOF and COL is presented, with the exception of FOF 84 in POE 8, COL 1 in POE 10, and COL 2 in POE 11, which we address. <u>See</u> Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7) (requiring argument "containing the contentions of the appellant on the points presented and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on)". These POEs are waived.

liable in COL 1, because a pre-existing condition must be a "quantifiable ratable impairment" for SCF contribution under HRS § 386-33.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve the SCF's points of error as follows, and affirm in part and vacate in part.

The underlying case arises from an appeal to the Board from the Director of Labor and Industrial Relations' (**Director**) award of PPD to Claimant, and the determination that the SCF was not liable for any portion of the award. On appeal to the Board, the parties agreed that the issues to be determined were as follows:

> a.   Whether any permanent disability should be apportioned between Employer/Insurance Carrier and the [SCF].
>
> b.   If so, how much of Claimant's [PPD] should be paid by the [SCF].

At the October 6, 2015 trial before the Board, Drs. Peter E. Diamond, M.D. (**Dr. Diamond**), Christopher R. Brigham, M.D. (**Dr. Brigham**), and Lorne K. Direnfeld, M.D. (**Dr. Direnfeld**) testified about Claimant's pre-existing conditions; and their medical evaluation reports of Claimant were entered into evidence. The Board found that Claimant had a pre-existing PPD that supported an award of 32 weeks of compensation, which resulted in a greater work injury, and that PPD payments must be apportioned between Employer-Appellant-Appellee Realty Laua, LLC, and Insurance Carrier-Appellant-Appellee Hawaiʻi Employers' Mutual Insurance Company (collectively, **Employer/Carrier**), and the SCF. In its Decision and Order, the Board found in pertinent part:

> 73. Based on the opinions of Drs. Direnfeld, Diamond, and Brigham, Claimant had permanent conditions of his right and left shoulder and right hip that pre-existed his August 12, 2010 work injury.
>
> 74. Dr. Demeter also stated that the Claimant had a pre-existing degenerative disease in his left shoulder,

3

which the Board finds to be a permanent pre-existing [sic] Claimant's August 12, 2010 work injury.

75. The Board finds that no evaluation for rating permanent impairment was conducted before Claimant's August 12, 2010 work injury.

76. Based on the explanations by Drs. Direnfeld, Diamond, and Brigham, the Board finds that on a medical basis, a person's pre-existing permanent impairment could be determined either by application of the AMA Guides or from a clinical/pathological perspective.

77. Based on the testimony and opinions of Drs. Direnfeld, Diamond, and Brigham, the Board finds that the clinical judgment method of apportionment to be reasonable for determining the extent of Claimant's pre-existing permanent impairment.

. . . .

80. Applying Dr. Diamond's 50% and 75% clinical judgment apportionment to Claimant's shoulders and right hip, respectively, would result in the following pre-existing impairment.
15.6 weeks right upper extremity (5% x 312 weeks)
9.36 weeks left upper extremity (3% x 312 weeks)
64.8 weeks right lower extremity (22.5% x 288 weeks)

. . . .

82. The Board finds that despite the unanimous opinions that Claimant had significant pre-existing conditions, a rating of pre-existing impairment was not possible, because of the information contained in the medical records, or lack thereof.

83. The Board finds that under the AMA Guides' stated method of apportionment, no pre-existing impairment could be determined, because the medical records before the accident lacked specificity as to Claimant's pre-injury ranges of motion [(**ROM**)], which in this case, was the appropriate method of permanent rating according the AMA Guides.

84. The Board finds that a determination of the extent of pre-existing PPD is a legal question to be determined by the Director or Board, upon consideration of the relevant evidence.

85. In this case, based upon the opinions of Drs. Direnfeld, Diamond, and Brigham that Claimant had significant pre-existing factors or conditions that contributed to his post-injury PPD, the Board credits the clinical judgment method of apportionment over the AMA Guides method of apportionment for determining Claimant's previous PPD.

86. The Board finds that in this case, the application of the clinical judgment method is more consistent than the AMA Guides' method to meet the letter and intent of the workers' compensation statute regarding apportionment.

87. Based on Dr. Diamond's clinical judgment apportionment, the Board finds that the Employer met its burden of proving that Claimant had a pre-existing PPD in excess of 32 weeks.

In COL 1's twelve-page discussion, the Board considered the parties' positions, examined the legislative history of HRS § 386-33, Hawaiʻi case law precedent, precedent from the Board's prior decisions, the "Guides to the Evaluation of Permanent Impairment by the American Medical Association" (**AMA Guides**),[3] and the limitations of the AMA Guides. COL 1 states in pertinent part:

> 1. <u>It is undisputed that Claimant had conditions or factors in his right and left shoulder and right hip prior to his August 12, 2010 work injury</u>. The pivotal disagreement in this case is <u>whether such factors or conditions must be quantifiable as a ratable permanent impairments pursuant to the AMA Guides for purposes of apportionment with the SCF</u>.
>
> . . . .
>
> To conclude that an opinion regarding pre-existing permanent disability can only be credited if it meets the requirement of some guide, whether it be the AMA Guides or another, would lead to some level of arbitrariness, depending on the body part or system affected. That is, pre-existing impairment might be ratable because a diagnosis exists in one instance, but not ratable in another instance. For example, in this case, the prior medical records do not contain enough information to meet the requirements of AMA Guides because the specific pre-accident hip and shoulder ranges of motion document were not documented. Therefore, the pre-existing permanent disability is not be [sic] ratable, despite Claimant's significant pre-existing conditions or factors. However, if another body part were injured, such as the spine, pre-existing permanent disability would be ratable based on the existence of a diagnosis.
>
> As noted in Section 387-1, HRS,
>
>> "Guide" or "guidelines" means an indication of suggested criteria, course, or means to a particular end, and not an authoritative or exclusive prescription which limits the exercise of independent judgment, expertise, or care.
>
> Further, as the Hawaii Supreme Court stated in *Duque v. Hilton Hawaiian Village*, 105 Hawaiʻi 433 (2004), ". . .

---

[3] The AMA Guides include various editions and are used by medical experts as a reference or guide in measuring disability. <u>Pave</u>, 152 Hawaiʻi at 172-73, 524 P.3d at 363-64 (citations omitted).

physicians must be allowed to draw on their medical expertise and judgment to evaluate the numerous factors relating to an individual's impairment rating and to determine which Guides would be most appropriate to apply."

Further, Section 12-10-21(a), Hawaii Administrative Rules states as follows:

> Impairment rating guides issued by the American Medical Association, American Academy of Orthopedic Surgeons, and any other such guides which the director deems appropriate and proper may be used as a reference or guide in measuring a disability.

Thus, while the AMA Guides are a helpful tool in determining disability, the Board is not bound by them. *Cabatbat v. County of Hawaii, Department of Water Supply*, 2013 Hawaiʻi, 1, 6 (2003).

Given the foregoing, the Board concludes that permanent disability should be apportioned between Employer/Insurance Carrier and the [SCF].

(Emphases added). This timely appeal followed.

"Appellate review of a LIRAB [(Board)] decision is governed by the provisions of the Hawaiʻi Administrative Procedure Act relating to judicial review of agency action." Ihara v. State of Hawaiʻi Dep't. of Land and Nat. Resources, 141 Hawaiʻi 36, 41, 404 P.3d 302, 307 (2017) (citing HRS § 91-14(g) (1993)) (additional citation omitted).[4]

---

[4]     HRS § 91-14(g) (Supp. 2021) provides:

> Upon review of the record, the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:
>
> (1) In violation of constitutional or statutory provisions;
>
> (2) In excess of the statutory authority or jurisdiction of the agency;
>
> (3) Made upon unlawful procedure;
>
> (4) Affected by other error of law;
>
> (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or

(continued...)

> To be reversed as clearly erroneous, the agency's findings, conclusions, decisions or orders must be clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record. As to conclusions of law, the [Board]'s conclusions will be reviewed de novo, under the right/wrong standard.

Id. (citations and internal quotation marks omitted).

**FOF 84, a legal conclusion, was not erroneous.**

The SCF contends that the Board erred in concluding in FOF 84, which is more accurately a COL, that the "extent of pre-existing PPD is a legal question to be determined by the Director or Board, upon consideration of the relevant evidence." See Pave, 152 Hawaiʻi at 171-72, 524 P.3d at 362-63 (explaining that "the accuracy of the label affixed by the agency is freely reviewable by reviewing courts") (citation and quotation marks omitted). The SCF made this same argument in Pave,[5] which we rejected, holding that the statement — — "the extent of preexisting PPD is a legal question to be determined by the Director of the Labor and Industrial Relations or the Board, upon consideration of all the evidence, including the medical records and testimony in the record" — — was "actually a conclusion of law; [and] it is not wrong." Id. at 176, 524 P.3d at 367 (brackets omitted). We explained that "it is ultimately the director of the Department of Labor and Industrial Relations through the [Disability Compensation Division] or the Board, and not the physician, that decides the final PPD rating." Id. (quoting Ihara, 141 Hawaiʻi at 43, 404 P.3d at 309 (brackets and

_____

[4](...continued)
> (6) Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

[5]     The SCF in Pave challenged FOF 39, which stated:

> 39.  The Board finds that a determination of the extent of preexisting PPD is a legal question to be determined by the Director [of Labor and Industrial Relations] or the Board, upon consideration of all the evidence, including the medical records and testimony in the record.

152 Hawaiʻi at 176, 524 P.3d at 367.

ellipsis omitted).  We conclude the legal conclusion in FOF 84 was not wrong.  See Ihara, 141 Hawai'i at 41, 404 P.3d at 307.

> **COL 1's reasoning, that pre-existing PPD does not have to be a "ratable impairment" under the AMA Guides, was not erroneous.**

The SCF contends that "quantifiable ratable impairment" pursuant to the AMA Guides is required in order to obtain contribution from the SCF under HRS § 386-33.  The SCF argues that pre-existing PPD must be a "ratable impairment," based on "objective medical criteria to a guide."  The SCF claims that in this case, "[t]here is no evidence that Claimant had a ratable pre-existing disability based on the AMA Guides to his shoulders or right hip **prior** to his industrial accident" sufficient to support contribution from the SCF under HRS § 386-33.  (Emphasis in original).  The SCF's arguments lack merit.

COL 1 quoted Hawai'i Administrative Rules (**HAR**) 12-10-21, entitled "Disabilities," which states in relevant part that: "[i]mpairment rating guides issued by the American Medical Association, American Academy of Orthopedic Surgeons, and any other such guides which the director deems appropriate and proper may be used as a reference or guide in measuring a disability." (Emphasis added).  "HAR § 12-10-21, by its terms, provides that the AMA Guides *may* be used to determine impairment ratings." Cabatbat v. Cnty. of Hawaii, Dep't of Water Supply, 103 Hawai'i 1, 6, 78 P.3d 756, 761 (2003).  HAR § 12-10-21 "permits reliance on the AMA Guides, but does not mandate their use to the exclusion of other appropriate guides."  Id.

The Hawai'i Supreme Court subsequently explained in Ihara that "where the AMA Guides and the physician's assessment do not give an accurate portrayal of the total loss of [sic] impairment, the director or Board shall take other factors into account to reach an accurate disability determination." 141 Hawai'i at 44, 404 P.3d at 310 (citation omitted).  The Ihara court noted that such "other factors affecting a PPD assessment include 'skills, education, job history, adaptability, age, and environment ....'"  Id. (quoting Duque v. Hilton Hawaiian Vill.,

8

105 Hawaiʻi 433, 439, 98 P.3d 640, 646 (2004)).  "Where a physician's estimate of the permanent impairment under the AMA Guides is zero, the Board nonetheless has the discretion to find a determinate degree of impairment using standards not encompassed by the AMA Guides."  Id. at 45, 404 P.3d at 311.

Here, the Board was not wrong in its legal conclusion in COL 1 that "while the AMA Guides are a helpful tool in determining disability," the Board is "not bound by them[;]" and that a pre-existing PPD does not have to be a "ratable" impairment pursuant to a guide such as the AMA Guides.  See HAR § 12-10-21; Ihara, 141 Hawaiʻi at 41, 44-45, 404 P.3d at 307, 310-11; Cabatbat, 103 Hawaiʻi at 6, 78 P.3d at 761.

**COL 1 incorrectly equated Claimant's pre-existing "conditions or factors" with pre-existing impairment.**

COL 1 stated:  "It is undisputed that Claimant had conditions or factors in his right and left shoulder and right hip prior to his August 12, 2010 work injury. . . ."  (Emphasis added).  The Board then explained how it would evaluate pre-existing PPD in the remainder of COL 1, treating the "conditions or factors" as the equivalent of a disability.

The SCF contends that "a condition or factor is not an impairment[,]" and the fact that Claimant had "pre-existing condition[s]," does not mean that Claimant had a pre-existing PPD.  This contention has merit, per our recent decision in Pave.

In Pave, a consolidated appeal, we noted that in one of the appeals, the Board "incorrectly equated a pre-existing 'condition' with a pre-existing 'disability.'"  152 Hawaiʻi at 181, 524 P.3d at 372.  The issue in each of the two appeals in Pave was whether there was evidence that the injured claimant's asymptomatic pre-existing physical condition had caused any "loss or impairment" of physical function before the work accident.  Id. at 185, 524 P.3d at 376.  We noted that "the plain statutory language" of HRS § 386-33(b) "requires that a 'disability' supporting an award of thirty-two weeks of PPD benefits must involve 'loss or impairment of a physical or mental function.'"

Id. at 180, 524 P.3d at 370 (quoting HRS § 386-1)[6] (other citations omitted). In reversing the Board's decision and orders in both appeals, we stated:

> [w]e hold that SCF is not liable for PPD benefits if an employee's preexisting "condition" did not cause a "disability" — that is, "loss or impairment of a physical or mental function" — before the employee's work accident. The record in each case contains no evidence that the injured employee was physically impaired before their work accident. In each case, at least one doctor apportioned causation of post-work-accident disability to a preexisting condition; but in neither case was there evidence that the preexisting condition had caused a pre-work-accident loss or impairment of physical or mental function.

Id. at 169, 524 P.3d at 360.

Here, in COL 1, the Board concluded that because of Claimant's pre-existing "conditions or factors" in his right and left shoulder and right hip, Claimant had pre-existing PPD under HRS § 386-33, and Claimant's PPD benefits should be apportioned between Employer/Carrier and the SCF. Employer/Carrier does not address the SCF's contention that a pre-existing "condition or factor is not an impairment," or point to any other language in the Board's Decision and Order that suggests the Board concluded that Claimant's pre-existing conditions or factors constituted a "loss or impairment of a physical or mental function" under HRS § 386-1.

We hold that COL 1's conclusion that equated Claimant's pre-existing "conditions or factors" with pre-existing impairment of Claimant's physical function was erroneous. We do not reach or express any opinion on whether the record contains evidence of pre-existing impairment of a physical or mental function, but narrowly hold that the Board made an error of law in its analysis when it applied HRS § 386-33 based on pre-existing "conditions or factors," rather than pre-existing impairment of a physical or mental function. See Pave, 152 Hawaiʻi at 169, 524 P.3d at 360; HRS § 386-1 (defining "disability"). Accordingly, COL 1 was erroneous in this regard. See Ihara, 141 Hawaiʻi at 41, 404 P.3d

---

6    HRS § 386-1 (2013) defines "disability" as "loss or impairment of a physical or mental function."

at 307. For the same reason, COL 2, which concluded that "104 weeks of PPD payable to Claimant" should be apportioned and "paid by the SCF" under HRS § 386-33(a) was also erroneous. See id.

For the foregoing reasons, we affirm in part and vacate in part the July 11, 2017 Decision and Order filed by the Labor and Industrial Relations Appeals Board, and remand for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawaiʻi, April 14, 2023.

On the briefs:

Li-Ann Yamashiro,
Deputy Attorney General,
for Appellee-Appellant.

Robert E. McKee, Jr.,
(Law Office of Robert E.
McKee, Jr.),
for Employer-Appellant-
Appellee Realty Laua, LLC and
Insurance Carrier-Appellant-
Appellee Hawaiʻi Employers'
Mutual Insurance Company.

/s/ Lisa M. Ginoza
Chief Judge

/s/Katherine G. Leonard
Associate Judge

/s/ Karen T. Nakasone
Associate Judge